■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK GANTZ, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Clinton County, dismissing relator's petition for a writ of habeas corpus for failure to comply with the provisions of CPLR article 70. It is clear that relator's petition fails to comply with CPLR 7002 (subd. [c], par. 1) and 7002 (subd. [c], par. 6) and thus was properly dismissed by the court below (e.g., People ex rel. Dunn v. McMann, 23 A D 2d 510). Appellant urges that we consider his brief, the appendix to which supplies the deleted material, as a de novo application for the writ to the original jurisdiction of this court. However, in proceedings of this nature we cannot sanction the supplying of the missing information for the first time in this court so as to cure the fatal defect. The orderly processing of the myriad of cases such as the instant one requires us, except in extremely unusual cases, to limit our function to appellate review. Thus appellant should have resubmitted his petition in corrected form to the court below for its initial determination on the merits before bringing his appeal to this court. Judgment affirmed, without costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of EDELMIRO PEREZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. — HERLIHY, J. Claimant appeals from a decision of the Unemployment Insurance Appeal Board denying benefits. The original decision of denial was premised on the misconduct of the claimant but the issue here concerns failure to request a hearing within 30 days after the issuance of the initial determination. The claimant contends that because of his limited knowledge of the English language, he failed to understand the meaning of the notice of initial determination and the time limitation set forth therein. The issue, as developed in this present record, was a factual one. The claimant had worked for his employer for 12 years as a sandwich man, busboy on the floor, helper in the kitchen, and cashier. All of the proceedings before the Referee were in English and the claimant testified at the hearing without the help or aid of an interpreter. The record sustains the Referee's finding, adopted by the board, that claimant understood the initial determination was notice that he was disqualified from receiving benefits and that he did not read or understand or make any attempt to have translated that portion of the notice of determination which informed him that if he were not satisfied, he could request a hearing and that such request could be made no later than 30 days from the date thereof. Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.